UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SH'TERRIAN BRYANT,

Plaintiff,

v. Case No. 8:26-cv-1374-VMC-NHA

EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,

Defendants.
_______________________________/

**ORDER**

This matter is before the Court on consideration of Defendant Experian Information Solutions, Inc.'s Motion to Dismiss Plaintiff Sh'Terrian Bryant's Amended Complaint (Doc. # 31), Ms. Bryant's Motion for Leave to Correct and Amend her Response in Opposition to Experian's Motion to Dismiss (Doc. # 50), and her second Motion for Leave to Correct and Amend her Response in Opposition to Experian's Motion to Dismiss (Doc. # 59). Experian responded to Ms. Bryant's second Motion to Amend her Response (Doc. # 64). Experian's Motion to Dismiss and Ms. Bryant's two Motions to Amend her Response are ripe for review.

For the reasons that follow, Ms. Bryant's Motions to Amend her Response are denied and Experian's Motion to Dismiss is granted. Ms. Bryant's Amended Complaint is dismissed with leave to amend.

## I. **Background**

This action arises out of Defendants Experian Information Solutions, Inc. and Trans Union, LLC's alleged violations of the Fair Credit Reporting Act ("FCRA") "which require consumer reporting agencies to clearly and accurately disclose all information in a consumer's file upon request." (Doc. # 27 at ¶ 1). The instant Motion to Dismiss is filed only by Experian. Therefore, the Court only addresses Ms. Bryant's allegations against Experian.

According to Ms. Bryant's Amended Complaint, the following occurred: Ms. Bryant requested a copy of her consumer credit disclosure from Experian. (Id. at ¶ 12). Experian generated a report on June 5, 2025. (Doc. # 27-1 at 8). Experian provided Ms. Bryant a disclosure on April 4, 2026. (Doc. # 27 at ¶ 15). These disclosures omitted full account numbers, the Date of First Delinquency, and Ms. Bryant's complete payment history. (Id. at ¶ 55). Ms. Bryant sent a dispute letter to Experian. (Id. at ¶¶ 14, 17). Experian received her disputes and forwarded them to respective furnishers, who in turn marked her account as disputed and transmitted a Compliance Condition Code to Experian. (Id. at ¶¶ 42-44). Experian omitted the Compliance Condition Code (Id. at ¶ 47) and Ms. Bryant's consumer statement which set forth her dispute (Id. at ¶¶ 51-52) from

the disclosure. Experian failed to provide notice to Ms. Bryant with a description of their reinvestigation procedures, method, and scope. (Id. at ¶ 54).

Ms. Bryant filed this action on May 7, 2026, asserting claims under the FRCA against Experian and Trans Union. (Doc. # 1). Defendants filed a joint Motion to Dismiss on June 26, 2026. (Doc. # 23). Ms. Bryant filed an Amended Complaint on July 10, 2026. (Doc. # 27). On July 28, 2026, Ms. Bryant filed a Notice of Settlement with Trans Union. (Doc. # 32). The same day, the Court entered an order dismissing Trans Union from the action. (Doc. # 33). The case against Experian continued.

In Count I, Ms. Bryant alleges that Experian willfully violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all information in her file at the time of her request for a copy of her consumer disclosure file. (Doc. # 27 at ¶ 83). In Count II, Ms. Bryant alternatively alleges that Experian negligently violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all information in her file at the time of her request for a copy of her consumer disclosure file. (Id. at ¶ 86). In Count III, Ms. Bryant alleges that Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation of her dispute. (Id. at ¶ 89).

Experian filed the instant Motion to Dismiss the Amended Complaint on July 24, 2026. (Doc. # 31). Ms. Bryant responded on August 6, 2026. (Doc. # 34). Experian replied on August 21, 2026. (Doc. # 42). On August 28, 2026, Ms. Bryant filed a "Notice of Correction Concerning its Response in Opposition to Experian's Motion to Dismiss." (Doc. # 45). That same day, Ms. Bryant sought leave to file a sur-reply to Experian's Motion to Dismiss (Doc. # 46), which Experian opposed on August 31, 2026 (Doc. # 47), and the Court denied on September 1, 2026. (Doc. # 48). The Court also struck Ms. Bryant's "Notice of Correction Concerning its Response in Opposition to Experian's Motion to Dismiss" as an improper filing. (Id.). The Court directed Ms. Bryant to file a motion for leave to file a corrected response, with a proposed corrected response attached, if she wanted to correct inaccuracies in her original response. (Id.).

The following day, Ms. Bryant filed her first Motion to Amend her Response, which did not include a proper certification pursuant to Local Rule 3.01(g). (Doc. # 50). The Court directed Ms. Bryant to file a supplemental Local Rule 3.01(g) certificate by September 10, 2026. (Doc. # 51). On September 10, 2026, Ms. Bryant filed her second Motion to Amend her Response. (Doc. # 59). Experian responded in opposition to Ms. Bryant's second Motion to Amend her Response

on September 23, 2026. (Doc. # 64). All Motions are ripe for review.

## II. Analysis

### A. Ms. Bryant's Motions to Amend her Response

Ms. Bryant attempted to amend her response to Experian's Motion to Dismiss three times. (Doc. ## 45, 50, 59). She failed to do so properly each time.

Ms. Bryant first attempted to amend her response by filing a notice of such corrections. (Doc. # 45). The Court struck Ms. Bryant's notice as an improper filing. (Doc. # 48). Ms. Bryant then filed two Motions to Amend her Response in Opposition — both of which failed to include a proper Local Rule 3.01(g) certificate. (Doc. ## 50, 59).

In her first Motion, Ms. Bryant incorrectly states that "conferral was not required as the Court ordered Plaintiff to file motion by September 2, 2026." (Doc. # 50 at 4). Neither the Local Rules nor this Court provided Ms. Bryant with any such exemption. The Court explained to Ms. Bryant that "Plaintiff has misinterpreted the requirement of filing a Rule 3.01(g) certificate . . . . The Court intended for Plaintiff to consult with opposing counsel before filing such motion." (Doc. # 51). The Court then directed Ms. Bryant to "file a supplemental Rule 3.01(g) certificate no later than September 10, 2026." (Id.).

On September 10, 2026, rather than file a supplemental certificate as requested by the Court, Ms. Bryant re-filed her Motion to Amend her Response. (Doc. # 59). This motion included another improper Local Rule 3.01(g) Certificate. Ms. Bryant's Motion states, "[t]he undersigned counsel hereby certifies that the parties met and conferred on September 9, 2026, *regarding Plaintiffs anticipated request for leave to file a sur-reply*." (Id. at 4) (emphasis added). This certificate fails to state that Ms. Bryant conferred with Experian regarding the relief sought in the Motion and suggests an improper attempt by Ms. Bryant to circumvent the Court's denial of her request for leave to file a sur-reply. (Doc. # 48). Both are grounds to deny the Motions.

Local Rule 3.01(g) states,

> (1) Duty. Before filing a motion in a civil action, except a motion for a Rule 11 sanction, for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion.
>
> (2) Certificate. At the end of the motion and under the heading "Local Rule 3.01(g) Certificate," the movant: (A) must certify that the movant has conferred with the opposing party, (B) must state whether the parties agree on the resolution of all or part of the motion, and (C) if the motion is opposed, must explain the means by which the conference occurred.

Ms. Bryant was required to include a Local Rule 3.01(g) certificate informing the Court that she conferred with

Experian about the leave requested. The certificate included in her second Motion to Amend her Response is improper because it fails to demonstrate that she conferred with Experian about the relief sought in that Motion. (Doc. # 59). Rather, it suggests that she conferred with Experian about a future motion she anticipated filing. (Id.).

Even if the Court considers this a scrivener's error and finds that Ms. Bryant conferred with Experian about the relief sought in her Motion, Ms. Bryant's proposed Amended Response (Doc. # 50-1) goes beyond making permissible corrections. Ms. Bryant's Amended Response changes her legal reasoning and responds directly to arguments Experian raises in its Reply. (Id.). The Court agrees with Experian that granting Ms. Bryant relief at this stage would prejudice Experian. (Doc. # 64 at 4).

Accordingly, the Court denies Ms. Bryant's Motions to Amend her Response (Doc. ## 50, 59). In resolving Experian's Motion to Dismiss, the Court will consider Ms. Bryant's original response only.

**B. Experian's Motion to Dismiss**

Experian contends that Ms. Bryant's Amended Complaint should be dismissed for three reasons. First, Experian argues that Ms. Bryant's allegations of omitted information from her consumer disclosure do not constitute a violation of the FCRA.

(Doc. # 31 at 2). Second, Experian contends that Ms. Bryant's "own exhibits defeat her claims" and contradict her allegations. (Id.). And third, Experian argues that Ms. Bryant fails to allege harms sufficient to establish injury. (Id. at 2, 17-20). This is a challenge of Ms. Bryant's Article III standing. Regardless, "[f]ederal courts have an obligation to examine sua sponte their own jurisdiction over a case, notwithstanding the contentions of the parties." DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020) (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Accordingly, the Court first assesses whether Ms. Bryant has standing.

The Constitutional requirement of standing has three elements: the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the conduct of the defendant, and (3) that is likely to be redressed by a favorable decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). The injury in fact analysis requires an injury that is concrete and particularized, as well as actual or imminent. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000). For an injury to be particularized, it must "affect the plaintiff in a personal

and individual way." Lujan, 504 U.S. at 560 & n.1. To be concrete, the injury need not be tangible, but it must be real and not abstract. Spokeo, Inc. v. Robins, 578 U.S. 330, 340 (2016).

In Spokeo, the Supreme Court determined that a "bare procedural violation" of the FCRA "divorced from any concrete harm" is insufficient to establish standing. Id. at 341; see also TransUnion LLC v. Ramirez, 594 U.S. 413, 441–42 (2021) ("[T]he risk of future harm on its own does not support Article III standing for the plaintiffs' damages claim."). "A plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 997 (11th Cir. 2020) (quoting Spokeo, 578 U.S. at 341). Instead, "a plaintiff must establish a concrete harm resulting from the statutory violation." Nelson v. Experian Info. Sols. Inc., 144 F.4th 1350, 1354 (11th Cir. 2025).

To determine whether an intangible injury is sufficiently concrete to establish standing, the Court must "consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American

courts," and determine if Congress has elevated the harm to the status of a legally cognizable injury. Spokeo, 578 U.S. at 341. An erroneous credit report published to a third party has a "close relationship" to defamation and confers standing. Ramirez, 599 U.S. at 432. Yet, "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." Id. at 434; see also Nelson, 144 F.4th at 1356 ("But at no point did this Court hold that a consumer's effort to correct an otherwise harmless error in a consumer's credit file is, by itself, a concrete injury.").

Ms. Bryant fails to allege either that inaccurate information was disclosed to a third party or a sufficient risk of such disclosure based upon her inability to review her credit file. Instead, Ms. Bryant claims that Experian's violation of the FCRA,

> prevent[ed] Plaintiff from identifying and correcting errors found in the credit file; obstruct[ed] Plaintiff's statutory right to dispute inaccurate or incomplete information; subjecting Plaintiff to frustration, confusion, and unnecessary delay; causing emotional distress, anxiety, and embarrassment; and forc[ed] Plaintiff to waste substantial time and resources attempting to remedy incompleteness and inaccuracies.

(Doc. # 27 at ¶ 80). She further argues that "[t]he failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating

standing pursuant to Article III." (Id. at ¶ 71). Ms. Bryant asserts that her resulting inability to "determine whether an account is being reported within the permissible statutory window or whether it has been improperly re-aged" and to "effectively challenge potentially obsolete or inaccurate information" are concrete harms. (Doc. # 34 at 10).

But "[t]he [FCRA] never attempts to show how a technical impairment of a consumer's ability to monitor a credit report — that carries no actual consequences for the consumer — rises to the level of an Article III injury." Huff v. TeleCheck Servs., Inc., 923 F.3d 458, 467 (6th Cir. 2019) (citing Dreher v. Experian Info. Sols., Inc., 856 F.3d 337, 346-47 (4th Cir. 2017)). Ms. Bryant does not allege any "actual consequences" flowing from the statutory violation.

The "wasted time and resources" Ms. Bryant allege are not concrete injuries. "[S]pending money and time attempting to correct errors on a credit report that has not been published to a third party or otherwise affected a plaintiff fails to satisfy the standing requirements of Article III." Nelson, 144 F.4th at 1352. Ms. Bryant alleges that she wasted time and resources attempting to remedy her report but fails to claim that the report was shared with third parties. Therefore, like the plaintiff in Nelson, "[b]ecause the incorrect information in [plaintiff]'s credit file is not

itself a concrete harm, the time and money she spent to correct that information is not a concrete harm either." Id. at 1356.

Ms. Bryant's alleged emotional damages fail to confer standing for similar reasons. "[G]reat frustration and emotional distress" suffered when "trying to understand [one's] credit report and verify its accuracy against [one's] own records" is not a concrete harm that confers standing. Hays v. Equifax Info. Servs. LLC, No. 8:26-cv-1780-KKM-NHA, 2026 WL 2386346 at *2 (M.D. Fla. Aug. 17, 2026); see also Harding v. Experian Info. Sols., Inc, No. 8:26-cv-2009-KKM-CPT, 2026 WL 2146992 at *1-2 (M.D. Fla. July 27, 2026) (holding that plaintiff's allegation of "great frustration and emotional distress when trying to understand her credit reports and verify them against her own records" does not establish standing).

To the extent that courts recognized emotional damages and time spent correcting inaccuracies as concrete injury before Nelson, the plaintiffs in those cases also alleged that inaccurate information was shared with a third party. See Losch v. Nationstar Mortg. LLC, 995 F.3d 937, 942-943 (11th Cir. 2021) (finding that an alleged non-existent delinquent mortgage debt reported to third parties was an injury); Pedro v. Equifax, Inc., 868 F.3d 1275, 1279-80 (11th

Cir. 2017) (finding that incorrect information about plaintiff's credit reported to a credit monitoring service was a concrete injury).

Even if Ms. Bryant is correct that Experian violated its obligations under the FCRA, she has failed to allege a harm with a "close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit" and confers standing. Spokeo, 578 U.S. at 341. The cases Ms. Bryant cites fail to convince the Court otherwise.

Ms. Bryant fails to establish Article III standing. Accordingly, her Amended Complaint is dismissed for lack of jurisdiction, but the Court grants Ms. Bryant leave to amend. In light of the dismissal for lack of standing, the Court will not address Experian's additional arguments for dismissal.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant Experian Information Solutions' Motion to Dismiss Plaintiff Sh'Terrian Bryant's Amended Complaint (Doc. # 31) is **GRANTED**.

(2) The Amended Complaint is dismissed for lack of subject matter jurisdiction.

(3) Ms. Bryant is given leave to file a second amended complaint by October 29, 2026.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of October 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE